IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC WILLIAMS,

    Plaintiff,

vs.                                                 Case No. 4:14cv480-RH/CAS

ESPOSITO NURSERY, INC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Defendant filed a Notice of Removal on September 12, 2014. Doc. 1. Plaintiff, who is pro se in this case, filed a complaint in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, which alleged a claim for retaliation and employment discrimination based on race. Doc. 7.[1] Plaintiff alleged that his employment "was terminated on or about August 12, 2013, for pretextual reasons in response to his complaining about the difference in pay and other disparities in treatment." *Id.* at 2.

On September 23, 2014, Defendant filed a motion to dismiss the complaint. Doc. 5. An Order was entered giving Plaintiff until October 24, 2014, in which to file a response in opposition. Doc. 6. Plaintiff was advised that "[f]ailure to file a responsive

---

[1] The complaint was filed along with the Notice of Removal. Doc. 2-1. For ease of reference, the Clerk of Court was directed to separately file the complaint on the docket. It is filed as document 7.

memorandum may be sufficient cause to grant the motion." N.D. Fla. Loc. R. 7.1(C)(1). As of this date, Plaintiff has not filed a response.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also* Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 127 S.Ct. at 1966). A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S.Ct. at 1964-65.

**Analysis**

### Condition Precedent

Defendant first seeks dismissal on the basis that Plaintiff did not allege that he exhausted administrative remedies. Doc. 5 at 1-2. Defendant points out that Plaintiff must timely file a charge of discrimination which must be in writing, signed under oath or affirmation, and contain information about the charge. *Id.* Defendant contends that Plaintiff did not satisfy all conditions precedent and this complaint should be dismissed. *Id.* at 2.

Defendant is correct that before initiating a Title VII action in federal court, Plaintiff must first have filed a complaint with the E.E.O.C. against the Defendant and received a notice of his "right to sue" from the E.E.O.C.  42 U.S.C. § 2000e-5(f)(1); *see also* Forehand v. Florida State Hosp., 89 F.3d 1562, 1567 (11th Cir. 1996).  Plaintiff did not allege exhaustion in the complaint, but he did attach a copy of his "Dismissal and Notice of Rights" from the E.E.O.C.  Doc. 7 at 8.  The bottom of the Notice contains a "cc" indicating it was sent to the representative for Defendant, John Penn, at Esposito's Garden Center.  *Id.*  The issue with that Notice is that the date is not legible.

The prior Order pointed out to Plaintiff that the Dismissal and Notice of Rights from the E.E.O.C. which was attached to the complaint was not legible.  Doc. 6 at 2.  Plaintiff was directed to "file a more legible copy of that Notice, if one exists."  *Id.*  Plaintiff has not done so.  Nevertheless, because it appears that Plaintiff did submit a charge to the E.E.O.C. and received a notice of his right to sue, and because it has not been argued that this case was not timely filed, Defendant's argument should be rejected.  It appears that Plaintiff did comply with the conditions precedent before initiating this case.

**Failure to State a Claim**

Defendant also argues that Plaintiff has not properly alleged either a claim for retaliation or racial discrimination.  Doc. 5 at 2-4.  Defendant contends Plaintiff has come to Court "armed with nothing more than conclusions" and has only provided "a mere boilerplate recitation of legal elements devoid of any factual support."  *Id.* at 4.  Defendant asserts that Plaintiff's complaint does not "allege that others not in a protected class and in the same position were paid more . . . ."  *Id.*  In addition,

Defendant contends that the retaliation claim "fails to allege any adverse employment action and fails to allege he made the proper complaints permitting a claim of retaliation." *Id.*

Plaintiff's complaint alleges that Plaintiff is "an African American male," and after working as a Lawn Maintenance Technician for nearly a year, he was promoted into a newly created position of Account Manager. Doc. 7 at 2. That new position "combined the duties of a Quality Control position with sales and account management duties." *Id.* Plaintiff's salary request of $35,000 per year was agreed to by Plaintiff's supervisor, John Penn, but was refused by Esposito. *Id.* at 3. Instead Plaintiff was given a salary of $12 per hour. *Id.* Plaintiff alleges that a white female "held a Quality Control position prior to Plaintiff and was paid $30,000" per year by Defendant. *Id.* Plaintiff further alleged that Penn was paid $37,000 per year "when he worked in a Quality Control position." *Id.* Plaintiff has sufficiently alleged a claim for racial discrimination.

Plaintiff further alleged that shortly after the promotion, he "complained about the difference in pay to Penn and Esposito." Doc. 7 at 3. "No remedial action was taken." *Id.* Plaintiff alleged that Esposito retaliated against Plaintiff "by forbidding Plaintiff to work overtime," something Penn had allowed Plaintiff to do to "make up for the lower salary." *Id.* Plaintiff then complained about losing his "overtime privileges" and being denied a raise after "completing 90 days in the Account Manager position." *Id.* at 4. Again, no remedial action was taken. *Id.* Moreover, Plaintiff contends that he experienced further retaliation when his company truck was taken and changes were intermittently made to his schedule "instead of allowing Plaintiff to work a regular schedule." *Id.* Plaintiff has alleged a claim for retaliation and has shown that he

engaged in protected activity, suffered an adverse action, and there was a causal connection between the activity and the action.  Chapter 7 Trustee v. Gate Gourmet, Inc., 683 F.3d 1249, 1257-58 (11th Cir. 2012).

The motion to dismiss, doc. 5, should be **DENIED** and Defendant required to submit an answer to the complaint.  In light of the fact that Plaintiff has not filed a single document in this case since the removal notice was filed, Plaintiff should be required to file a notice indicating his desire to pursue this litigation.  The case should be remanded for those procedures.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 5, be **DENIED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 11, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:14cv480-RH/CAS